**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  JUL 1 1 2014  ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

KENNETH ENG,

                           Plaintiff,

        -against-

TIM CUSHING and TECHDIRT,

                       Defendants.

------------------------------------------------------------x

**MEMORANDUM & ORDER**

14-cv-3905 (ENV)

------------------------------------------------------------x

KENNETH ENG,

                           Plaintiff,

        -against-

JOE ROSEN, PACERMONITOR.COM, and
HARROS, LLC,

                       Defendants.

------------------------------------------------------------x

**MEMORANDUM & ORDER**

14-cv-3912 (ENV)

VITALIANO, D.J.,

       On June 17, 2014, plaintiff Kenneth Eng, who is self-represented, initiated a lawsuit against defendants Tim Cushing, an author of online content, and TechDirt, an online source of technology-related news (the "Cushing defendants"). Eng alleges that Cushing and TechDirt illegally published his address and "other private information" about him. To his complaint, Eng attaches a copy of one of Cushing's

1

posts, which summarizes one of this Court's recent decisions, as well as copies of civil legal complaints, filed by Eng in this Court and in the Southern District of New York, which were reproduced online by Cushing and/or TechDirt. On June 19, 2014, Eng opened a similar case against PacerMonitor.com ("PacerMonitor"), a website which aggregates federal court filings, Joe Rosen, PacerMonitor's founder, and Harros, LLC, a company owned by Rosen (the "Rosen defendants"). Plaintiff attached no exhibits to this complaint against the Rosen defendants, but included a link to a PacerMonitor page, which presents a link to yet another of Eng's various civil complaints.[1]

Eng's collateral applications to proceed *in forma pauperis* are granted, but, for the reasons that follow, both complaints are dismissed with prejudice.

<u>Standard of Review</u>

A civil action complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule does not require a plaintiff to provide "detailed factual allegations" in support of his or her claims in order to survive a motion to dismiss, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009).

---

[1] Eng avers in both cases that the Court has jurisdiction over his claims pursuant to the Securing the Protection of our Enduring and Established Constitutional Heritage Act ("SPEECH Act"), 28 U.S.C. § 4101 *et seq.* The SPEECH Act governs the interplay of foreign defamation judgments and the freedom of constitutionally protected speech in this country. By its terms, the SPEECH Act is utterly inapplicable to Eng's putative lawsuits, and he therefore fails to state a claim under it.

Indeed, mere conclusory allegations or "naked assertions" will not survive a motion to dismiss without at least some "further factual enhancement" providing substance to the claims alleged. *Twombly*, 550 U.S. at 557.

When a plaintiff proceeds without legal representation, a court must regard that plaintiff's complaint in a more liberal light, affording the pleadings of a *pro se* litigant the strongest interpretation possible. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 471 (2d Cir. 2006) (per curiam). Even so, a court must dismiss an *in forma pauperis* complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### Discussion

Eng's solitary gripe in these cases is that defendants have publicly reproduced copies of some of the many frivolous civil action complaints filed by him in recent months. These complaints and accompanying cover sheets are, of course, official court documents, and matters of public record. As is expected in a court filing, Eng's address—as well as the mailing addresses of those he has attempted to sue—appears on the face of these court documents. That defendants have distributed copies of these documents in the media is a practice that is by no means unusual or a violation of Eng's right to privacy. Put simply, he has no privacy interest in such publicly-accessible records. *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 493–96 (1975) (newspaper not liable for publishing public information found in official court records); *Doe v. City of New York*, 15 F.3d 264, 268 (2d Cir. 1994)

3

("Certainly, there is no question that an individual cannot expect to have a constitutionally protected privacy interest in matters of public record."); *see also Application of Nat'l Broad. Co., Inc.*, 635 F.2d 945, 950 (2d Cir. 1980) ("common law right to inspect and copy public records originally permitted copying the content of written documents" in court proceedings). In short, it was not defendants that thrust Eng's home address into the public record: it was Eng, himself, and he has done so repeatedly. Defendants, by merely reproducing Eng's court filings and reporting on his legal antics, have committed no impropriety, and plaintiff can state no claim against them on those grounds.

Conclusion

For the foregoing reasons, Eng has failed to state claims upon which relief may be granted, and his factual allegations make clear that, even if amended, his pleadings could not possibly state any valid cause of action. Pursuant to 28 U.S.C. § 1915(e)(2)(B), therefore, Eng's complaints are dismissed in their entirety with prejudice.

Eng has, the Court's records reflect, filed a spate of these meaningless lawsuits in recent weeks. In light of his ongoing practice of filing lawsuits of this frivolous nature, the Court again reiterates its warning that, should he continue to file such lawsuits, he will face a filing injunction and/or monetary sanctions, upon notice and opportunity to be heard. *See Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000); *see also Eng v. Captain Blue Hen Comics, et al.*, Nos. 14-cv-3631, 14-cv-3632, 14-cv-3810 (E.D.N.Y. June 30, 2014).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would

4

not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment in both cases and to close them for administrative purposes.

SO ORDERED.

Dated:      Brooklyn, New York
             July 1, 2014

s/Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge